*00-6273.ot*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JULIUS BRUCE CHIUSANO, et al,

      Defendant.

_____/

### ORDER DENYING MOTION TO SEVER

**This Cause** is before the Court on Defendant Julius Bruce Chiusano's Motion for Severance

of Counts 17, 18, 19 and 20 (D.E. 197). The Court having reviewed the Motion and the Response,

**FINDS** as follows:

#### I.    Facts

Count 1 of the twenty five (25) count indictment charges nine Defendants, including Chiusano,

with RICO Conspiracy. Counts 2 through 16 charge Defendants Frederick Massaro, Ariel Hernandez

and Julius Bruce Chiusano with fraud. Defendant is also charged in Count 21 with making and

uttering counterfeit securities. Defendant Chiusano is not charged in any of the remaining counts.[1]

---

[1]Count 17 charges Defendants Massaro and Hernandez with conspiracy to murder Jeanette
Smith in aid of racketeering. Count 18 charges Defendants Massaro and Hernandez with murder of
Jeanette Smith in aid of racketeering. Count 19 charges Defendants Adam Todd Silverman,
Charles Patrick Monico and Anthony Raymond Banks with assisting Defendants Massaro and
Hernandez "in order to hinder and prevent their apprehension, trial and punishment." Count 20
charges Defendants Massaro and Carlos Garcia with conspiracy to murder Hernandez. Count 22
charges Defendants Massaro and Francis Ruggiero with making "extortionate extensions of
credit." Count 23 charges Defendants Massaro, Ruggiero, Silverman and Garcia with using
"extortionate means to collect and attempt to collect extensions of credit." Count 23 charges
Defendant Massaro with possessing goods stolen from an interstate shipment of property. Count
25 charges Defendant Massaro with possessing a firearm in and affecting commerce.

The alleged pattern of racketeering activity consisted of all of the acts alleged in the indictment, including the murder charges, which the Government alleges were undertaken in order to advance the interests of the enterprise. Defendant moves to sever pursuant to Fed.R.Crim.P. 14, on the grounds that he will be unduly prejudiced if he is tried with the other defendants.

## II.  Prejudice

Rule 14 of the Federal Rules of Criminal Procedure provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires...

Defendant argues that he will be unduly prejudiced if he is tried with the other defendants as to the murder related counts alleged in Courts 17, 18, 19 and 20.

The Eleventh Circuit has stated that in general, persons charged together should be tried together, particularly in conspiracy cases.    United States v. Saget, 991 F.2d 702, 707 (11th Cir. 1993).  Severance may be granted only where the defendants can demonstrate a specific, clear and compelling prejudice which could not be alleviated by the trial court and which will result in the defendant's inability to obtain a fair trial.  Id.; see also United States v. Varella, 692 F.2d 1352 (11th Cir. 1982).  A defendant is not entitled to a severance merely because the evidence against a co-defendant is greater or there may be some "overspill."  United States v. Capo, 693 F.2d 1330 (11th Cir. 1982).  Rather, the prejudice alleged must be compelling.  Id.

This Court finds that Defendant Chiusano has failed to make the required showing of compelling prejudice, and that the jury will be able to consider each count against each defendant separately, with appropriate instruction.  As the Government correctly points out, even if Defendant were severed, because the defendants allegedly participated in a single RICO conspiracy, the evidence complained of would still be admissible against the Defendant in a separate trial as acts of co-

2

conspirators in the furtherance of a conspiracy. See United States v. Friedman, 854 F.2d 535, 563 (2d

Cir. 1988).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Julius Bruce

Chiusano's Motion for Severance of Counts 17, 18, 19 and 20 is hereby **DENIED**.

**DONE AND ORDERED** this ___7___ day of August, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:    Honorable Paul C. Huck
       Lawrence D. LaVecchio, Esq. (AUSA)
       Richard Houlihan, Esq.
       Samuel Deluca, Esq.
       Jeffrey Weinkle, Esq.
       Donald Spadero, Esq.
       Michael Smith, Esq.
       Fred Haddad, Esq.
       Albert Levin, Esq.
       Thomas Almon, Esq.
       Manuel Gonzalez, Esq.
       William D. Matthewman, Esq.
       Christopher A. Grillo, Esq.

3