NIGHT BOX
FILED
JAN 2002
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,
    Plaintiff,

V.

JULIUS BRUCE CHIUSANO,
    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys, and files this Response to the defendant's objections to the presentence investigation report.

Defendant's Objection Number 1

The defendant objects to paragraph 17 which asserts that he was a "member" of the South Florida crew of the Gambino Crime Family. The defendant acknowledged, on September 4, 2001 during his plea colloquy, that he was associated with the South Florida crew of the Gambino Crime Family. This distinction does not affect the defendant's Guidelines calculations.

Defendant's Objection Number 2

In this objection, the defendant correctly points out an obvious scrivener's error. In fact, there is no evidence to indicate that the defendant was involved in any way in either of

the two planned murders or the disposal of evidence concerning those murders. This change does not affect the defendant's Guidelines calculations.

Defendant's Objection Number 3

In this objection, the defendant offers corrections to the Pre-sentence Report concerning his receipt of a television from co-defendant Massaro and the nature of a previous loan arrangement which had occurred between the defendant and Massaro. These corrections do not affect the defendant's Guidelines calculations.

Defendant's Objection Number 4

The defendant's "objection" is, in effect, a motion seeking a downward departure from the determined guidelines range based upon an assertion that Criminal History Category II significantly over-represents the seriousness of the defendant's criminal history. The defendant's objections correctly note that, under appropriate circumstances, the Court may entertain such a departure. The government respectfully submits that the instant case does not present such circumstances.

USSG Section 4A1.1(a) mandates a three-point enhancement in the defendant's criminal history category for each prior sentence of imprisonment exceeding one year and one month. USSG Section 4A1.2(a)(1) defines a "prior sentence" as any sentence previously imposed upon an adjudication of guilt for conduct not part of the instant offense. The Pre-sentence Report correctly notes, at paragraph 44, that the defendant was sentenced on November 9, 2001 in case no. 00-6309-CR-SEITZ to 18 months' imprisonment on a charge of conspiracy to commit money laundering. In that case, the defendant pled guilty to having

conspired with members and associates of the Trafficante Crime Family to utilize his business in laundering funds which had been obtained through a fraudulent telemarketing scheme. This criminal conduct was entirely separate and distinct from that which formed the basis of the instant charges, which center around the defendant's agreement with members and associates of the Gambino Crime Family to create counterfeit checks. USSG Section 4A1.2 (a)(2) provides that "[p]rior sentences imposed in unrelated cases are to be counted separately." Therefore, the defendant's criminal history was accurately calculated by the Probation Department in accordance with the express dictates of the Sentencing Guidelines.

USSG Section 4A1.3 provides that an example of a situation where a defendant's criminal history category is significantly over-represented "might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." By contrast, in the instant case the defendant was convicted of a money laundering offense in which he was engaged with members and associates of a different organized crime family than that with which he was associated in the instant case. Furthermore, the Pre-sentence Report correctly notes that the defendant was engaged in this separate and distinct criminal activity during an overlapping time period with that charged in the instant case.[1] Consequently, rather than "significantly over-representing" the defendant's criminal history,

---

[1] The money laundering activity in case number 00-6309-CR-SEITZ occured from 1997 through October 2000. The racketeering activity in the instant case occurred between October 1, 1994 and September 19, 2000.

the defendant's Guidelines calculations accurately reflect his criminal history, and there exists no rational basis for the Court to find otherwise.

WHEREFORE, the government respectfully submits that the defendant's Objection Number 4 should properly be overruled.

                      Respectfully submitted,

                      GUY A. LEWIS
                      UNITED STATES ATTORNEY

By: _____
      LAWRENCE D. LaVECCHIO
      ASSISTANT U. S. ATTORNEY
      Florida Bar No. 0305405
      500 E. Broward Blvd., Suite 700
      Ft. Lauderdale, FL 33394
      Tel. (954) 356-7255/356-7230 - fax

_____
JEFFREY H. SLOMAN
ASSISTANT U. S. ATTORNEY
Florida Bar No. 0378879
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Tel. (954) 356-7255/356-7228 - fax

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail on this 17th day of January 2002 to the following:

Donald R. Spadaro, Esquire
1000 South Federal Highway, Suite 103
Ft. Lauderdale, FL 33316

Thomas F. Felasco, USPO
Room 315, U.S. Courthouse
300 N.E. First Avenu
Miami, FL 33132-2126

_____
LAWRENCE D. LaVECCHIO